UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNT VONGRABE,

       Plaintiff,

vs.                                     Case No.  3:05-cv-1023-J-32MCR

GAIL WADSWORTH, State of Florida, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Take Judicial Notice (Doc. 31) and Motion for Order Appointing Magistrate Judge (Doc. 37).  Defendants, Donald Fleming and the State of Florida filed responses in opposition to the Motion to Take Judicial Notice.  (Docs. 33 and 36).  On February 8, 2006, the district judge entered an Order referring the matter to the undersigned for a report and recommendation.  (Doc. 39).

## I.  INTRODUCTION

Plaintiff filed a Complaint in this Court on October 10, 2005 and amended the Complaint on November 4, 2005.  (Docs. 1 and 17).  Plaintiff alleges that his civil rights were violated by numerous individuals.  Specifically, Plaintiff claims that while living in a home with his daughter and her roommate, the daughter and her roommate conspired

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

to have a court order entered against Plaintiff prohibiting him from coming within 500 feet of the house they were sharing.  Plaintiff claims that as a result of this injunction, he has been unable to retrieve his personal property at the house and as such, his Fifth and Fourteenth Amendment rights have been violated.  Additionally, Plaintiff argues that Florida Statute 741.30 is unconstitutional.  (Doc. 17).

On January 27, 2006, Plaintiff filed a Motion to Take Judicial Notice.  (Doc. 31). The Motion asks the Court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the fact that "defendants Sarah Enloe and Jacqueline Danielle von Grabe were unable to pay their rent and have left their residence at 21 Rockwell Ln. Palm Coast, Florida."  (Doc. 31, p.1).  Defendant Fleming filed a response in opposition to this motion on January 30, 2006 (Doc. 33) and on March 17, 2006, a Motion for Sanctions (Doc. 51) against Plaintiff for filing the Motion to take Judicial Notice. Defendant, State of Florida, filed a response in opposition on February 6, 2006.  (Doc. 36).  On February 6, 2006, Plaintiff filed a Motion for Order Appointing Magistrate Judge (Doc. 37).  On February 8, 2006, Judge Corrigan issued an Order of Referral (Doc. 39) requesting the undersigned enter a report and recommendation regarding the appropriate resolution of several motions, including the instant motions.

## II. DISCUSSION

### A.    Plaintiff's Motion to Take Judicial Notice (Doc. 31) and Defendant Fleming's Motion for Sanctions (Doc. 51)

Both Defendants argue that Plaintiff's Motion to Take Judicial Notice should be denied because Federal Rule of Evidence, Rule 201, does not contemplate judicial notice of the type of facts requested by Plaintiff.  The Court agrees.  Rule 201 provides:

> A judicially noticed fact must be one not subject to
> reasonable dispute in that it is either (1) generally known
> within the territorial jurisdiction of the trial court or (2)
> capable of accurate and ready determination by resort to
> sources whose accuracy cannot reasonably be questioned.

Rule 201(b), Fed.R.Evid.  Here, Plaintiff seeks judicial notice of the fact that his

daughter and her roommate have moved.  Clearly, this sort of fact is neither generally

known within the territorial jurisdiction of the trial court or capable of accurate and ready

determination by resort to sources whose accuracy cannot reasonably be questioned.

As such, judicial notice is not appropriate and the undersigned will recommend that

Plaintiff's motion be denied.

As for Defendant Fleming's Motion for Sanctions (Doc. 51), the Court does not

believe the circumstances justify the award of sanctions.  In reviewing Plaintiff's

response to Fleming's Motion for Sanctions (Doc. 38), it is clear Plaintiff believed he

was obliged to notify the Court of the change of address of Defendants von Grabe and

Enloe.  As such, Plaintiff's Motion to Take Judicial Notice was not presented for any

improper purpose and although without merit, was not frivolous.  Plaintiff should note

that the effect of taking judicial notice under Rule 201 is to preclude a party from

introducing contrary evidence and in effect, directing a verdict against that party as to

the fact noticed, and therefore, the fact must be one that "only an unreasonable person

would insist on disputing." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)

(citing, 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at

485 (1977 & Supp.1994)).  Accordingly, in the future, Plaintiff should avoid filing motions

to take judicial notice unless he has conferred with opposing counsel and has been

notified that opposing counsel will not object or Plaintiff is certain the fact is one that would be appropriate for judicial notice.[2]

**B.      Plaintiff's Motion for Order Appointing Magistrate Judge (Doc. 37)**

In this motion, Plaintiff assets he needs the protection of the Court "against Fleming's further actions" and claims the "appointment of a Magistrate Judge will dramatically reduce the time required for discovery and bring the case to fruition by Summary Judgment."   (Doc. 37, pp. 1-2).  The undersigned is the Magistrate Judge assigned to this case and will hear all discovery disputes in this case.  Plaintiff has presented no evidence to suggest that the conduct of the parties requires the assignment of a special master or judge to closely monitor and supervise the discovery process.  As such, the undersigned recommends Plaintiff's Motion for Order Appointing Magistrate Judge be denied.

After due consideration, it is

**RECOMMENDED**:

1.      Plaintiff's Motion to Take Judicial Notice (Doc. 31) be **DENIED;**

2.       Defendant Fleming's Motion for Sanctions (Doc. 51) be **DENIED** and

3.      Plaintiff's Motion for Order Appointing Magistrate Judge (Doc. 37) be **DENIED**.

---

[2] In the instant case, Plaintiff could have filed a notice to let the Court know the defendants had changed addresses.  Judicial notice was neither necessary or appropriate.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  5th  day of

April, 2006.


*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Timothy J. Corrigan,
   United States District Judge,

Counsel of Record