UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNT VONGRABE,

    Plaintiff,

vs.                                      Case No.  3:05-cv-1023-J-32MCR

GAIL WADSWORTH, State of Florida, et al.,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Default Judgment Against Defendants Sarah Enloe and Jacqueline Danielle vonGrabe (Doc. 26).  On February 8, 2006, the district judge entered an Order referring this motion to the undersigned for a report and recommendation.  (Doc. 39).

## **I.**    **INTRODUCTION**

Plaintiff filed a Complaint in this Court on October 7, 2005 and amended the Complaint on November 4, 2005.  (Docs. 1 and 17).  Plaintiff alleges that his civil rights were violated by numerous individuals.  Specifically, Plaintiff claims that while living in a home with his daughter, Danielle von Grabe and her roommate, Sarah Enloe, the two women conspired to have a court order entered against Plaintiff prohibiting him from

---

[1] Any party may file and serve specific, written objections hereto with TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

coming within 500 feet of the house they were all sharing.  Plaintiff claims that as a result of this injunction, he has been unable to retrieve his personal property at the house and as such, his Fifth and Fourteenth Amendment rights have been violated. (Doc. 17).

The return of service for Defendants, Sarah Enloe and Danielle von Grabe, were executed on October 11 and 12, 2005 respectively.  (Docs. 6 and 7).  Accordingly, the answer to the complaint by Defendants Enloe and von Grabe were due on October 31 and November 1, 2005.  To date, neither Defendant has responded to the complaint nor has either Defendant made any other appearance in the case.  Accordingly, Plaintiff now seeks to have a default judgment entered against Enloe and von Grabe pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

To that end, Plaintiff filed a Motion for Entry of Default pursuant to Rule 55(a) against Enloe and von Grabe on November 15, 2005.  (Doc. 20).  On November 16, 2005, the Clerk entered a default against Enloe and von Grabe (Docs. 21 and 22).

## II.   **BACKGROUND FACTS**

Plaintiff, a German citizen, is a permanent resident alien residing in Palm Coast, Florida.  Until late July 2005, Plaintiff was living with his daughter, Defendant, Danielle von Grabe, and her room mate, Sarah Enloe, in a home in Palm Coast.  According to Plaintiff, in July 2005, he discovered the women smoking marijuana in the home and later learned that Enloe stored a bag of marijuana in her bedroom.  As a resident alien, Plaintiff was concerned about being connected to the use of illegal drugs.  Accordingly, on July 27, 2005, Plaintiff confronted Enloe about her drugs and called the Sheriff's

Department to report the drug use.  Plaintiff claims Enloe then threatened to strike him, which caused Plaintiff to suffer chest pains.  Two deputy sheriffs arrived and called an ambulance, which transported Plaintiff to Flagler County Memorial Hospital.  Plaintiff was diagnosed as having suffered a heart attack and was transferred to Ormond Beach Heart Center where he underwent heart surgery on August 1, 2005.

While Plaintiff was in the hospital, his daughter applied for an injunction prohibiting Plaintiff from returning to the home by claiming that Plaintiff had attacked Enloe and that she was afraid of Plaintiff.  (Doc. 1, Ex. 3).  On July 29, 2005, the Circuit Court for the Seventh Judicial Circuit in Flagler County issued a temporary injunction preventing Plaintiff from having any contact with his daughter and forbidding him from coming within 500 feet of the house.  Id.  Additionally, the court set a hearing for August 9, 2005 at which, Plaintiff was to appear and testify and the court would make a decision regarding whether to issue a Final Judgment of Injunction and Protection Against Domestic Violence.  Id.

According to Plaintiff, he was released from the hospital on August 2, 2005 and on August 3, 2005, he drafted a motion seeking a continuance of the hearing scheduled for August 9, 2005 as he had recently been released from the hospital.  (Doc. 1, Ex. 4).  The motion also sought an order compelling Plaintiff's daughter to release Plaintiff's property.  Id.  Apparently the court did not rule on Plaintiff's motion and conducted the hearing on August 9, 2005 without Plaintiff in attendance.  Subsequently, a Final Judgment of Injunction was entered again prohibiting Plaintiff from contacting his daughter or coming within 500 feet of the home.  (Doc. 1, Ex. 5).  As such, Plaintiff has

been unable to retrieve all of his personal property at the house and presently seeks $91,415.00 against Defendants Enloe and von Grabe for the value of the property he was unable to obtain from the house as a result of the injunction. (Doc. 26).

### III. ANALYSIS

According to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(a), Fed.R.Civ.P. After obtaining a clerk's entry of default, the next step is to seek a default judgment pursuant to Rule 55(b). Rule 55(b) provides two ways for the entry of default judgment. Rule 55(b)(1) provides for entry of judgment by default by the clerk of the court "[w]hen the plaintiff's claims against a defendant is for a sum certain or for a sum which can by computation be made certain." Rule 55(b)(2) states that "[i]n all other cases the party entitled to a judgment by default shall apply to the court therefore."

However, it is well-established that "a defendant's default does not in itself warrant the court entering a default judgment" Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] "There must be a sufficient basis in the pleadings for the judgment entered." Id. A defendant will not be deemed to have admitted facts that are not well-pleaded or to have admitted conclusions of law. Id. Accordingly, in ruling on the motion for default judgment, the Court must examine in

---

[2] In the case of Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

further detail Defendants' liability under the causes of action alleged in the Amended Complaint.

In Count 4 of the Amended Complaint, Plaintiff alleges a violation of 42 U.S.C. §1985(2) and (3) against Enloe and von Grabe.  Specifically, Plaintiff claims Enloe and von Grabe conspired to mislead the state court and the State by filing affidavits containing known false statements.  (Doc. 17, ¶106).  Plaintiff asserts that Enloe and von Grabe's goal was to have Plaintiff forced out of the home in order to "get rid of a risk to their illegal drug use" and to interfere in Plaintiff's pending litigation against his ex-wife by "denying him access to evidence" located in the house.  (Doc. 17, ¶¶ 109-110).

42 U.S.C. §1985 deals with conspiracies to interfere with civil rights.  It contains three subparts, each of which contains several discrete substantive clauses.  Section 1985(1), which is not at issue here, concerns preventing an officer of the United States from performing his or her duties.  Section 1985(2) contains two clauses.  The first clause of section 1985(2) addresses conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith.  The second clause of §1985(2) provides a cause of action if:

> two or more persons conspire for the purpose of impeding,
> hindering, obstructing, or defeating, in any manner, the due
> course of justice in any State or Territory, with intent to deny
> to any citizen the equal protection of the laws, or to injure
> him or his property for lawfully enforcing, or attempting to
> enforce, the right of any person, or class of persons, to the
> equal protection of the laws.

42 U.S.C. §1985(2).

Section 1985(3) contains three clauses. The first clause of §1985(3) provides a cause of action for a private conspiracy to deny equal protection of the laws. The second clause of §1985(3) provides a cause of action for a conspiracy:

> for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.

42 U.S.C. §1985(3).[3] The third clause of §1985(3) provides a cause of action for a conspiracy to interfere with federal elections.

In Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483 (1983), the Supreme Court analyzed section 1985 and explained that it prohibited five broad classes of conspiracies. The classes are:

> (1) conspiracies interfering with the performance of official duties by federal officers now codified as §1985(1);
> (2) conspiracies interfering with the administration of justice in the federal courts now codified as the first portion of §1985(2);
> (3) conspiracies interfering with the administration of justice in the state courts now codified as the second portion of §1985(2);
> (4) conspiracies interfering with private enjoyment of "equal protection of the laws" now codified as the first part of §1985(3); and
> (5) conspiracies interfering with the right to support candidates in federal elections now codified as the second part of §1985(3).

Shahawy v. Lee, 1996 WL 33663633 *16 (M.D. Fla. 1996) (citing, Kush, 460 U.S. at 724-25, 103 S.Ct. at 1486-87). All but two of these classes related to "interference with

---

[3] The first two clauses of 42 U.S.C. §1985(3) are often combined or referenced together as the first part of section 1985(3). See Kush v. Rutledge, 460 U.S. 719, 725, 103 S.Ct. 1483, 1487, n.8 (1983).

federal institutions and processes of the Federal Government." Id.  Individuals alleging these types of conspiracies do not need to show that the alleged conspirators acted with the intent to deprive plaintiff of the equal protection of the laws.  Id.  The remaining two classes (numbers 3 and 4 above) address activities of state concern and are not linked to federal institutions.  Id.  Unlike the other classes of conspiracies, individuals alleging these types of conspiracies must specifically show that the alleged conspirators' actions were motivated by an intent to deprive plaintiff of the equal protection of the laws.  Id.  As Plaintiff's Amended Complaint does not allege any federal interest or involvement with the alleged conspiracy, his §1985 claims can only be based upon the second clause of §1985(2) and the first and second clauses of §1985(3).  Accordingly, Plaintiff must show that Enloe and von Grabe's actions were motivated by an intent to deprive Plaintiff of the equal protection of the laws.

The Supreme Court construed the requirement of showing an intent to deprive an individual of the equal protection of the laws as requiring "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798 (1971).[4]  Otherwise, the Court explained, §1985 would become a generalized federal tort law to be invoked for any private tortious conspiracy.  Id. at 101-102, 91 S.Ct. at 1797-98.

---

[4] Griffin specifically addressed the first clause §1985(3), however, its holding has been extended to the second clause in §1985(2).  See Bradt v. Smith, 634 F.2d 796, 801 (5th Cir. 1981), cert. denied, 454 U.S. 830, 102 S.Ct. 125 (1981); Shahawy, 1996 WL 33663633 at *17; McReynolds v. Alabama Dept. of Youth Services, 2006 WL 821203 *10 (M.D. Ala. 2006).

Plaintiff has failed to allege any racial or other class-based discriminatory animus behind Enloe and von Grabe's conduct.  Instead, Plaintiff specifically describes their motive as being to protect their drug habits and to hinder Plaintiff's ability to pursue litigation against his ex-wife (and von Grabe's mother).  (Doc. 17, ¶¶ 109-110).  As such, Plaintiff has failed to state a claim for conspiracy under §1985(2) and (3) and those claims must fail.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Motion for Default Judgment Against Defendants Sarah Enloe and Jacqueline Danielle vonGrabe (Doc. 26) be **DENIED** and the claims against Enloe and vonGrabe be **DISMISSED**.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  7th  day of April, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Timothy J. Corrigan,
   United States District Judge,

Counsel of Record
Pro se Plaintiff