UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNT VONGRABE,

    Plaintiff,

vs.                                         Case No. 3:05-cv-1023-J-32MCR

GAIL WADSWORTH, State of Florida, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for Order Compelling Production and Allowing Inspection of Records (Doc. 46) filed March 1, 2006 and Defendant Donald Fleming's Motion to Compel Rule 26 Disclosures (Doc. 50) filed March 16, 2006.

**I.**     **Plaintiff's Motion to Compel (Doc. 46)**

Plaintiff seeks an Order compelling Sheriff Donald Fleming ("Defendant") to produce reports written by the "Sheriff's Deputies dispatched within the time frame from August 6 through August 30, 2005, to accompany Plaintiff to recover his property, met Plaintiff, refused to go for lack of an appointment, and instructed Plaintiff to contact Defendant von Grabe to set up an appointment." (Doc. 46, p.1). According to Plaintiff, Defendant has refused to produce the reports unless Plaintiff provides the exact dates he needs the reports.

-1-

Defendant responds by first pointing out that Plaintiff's Motion to Compel fails to comply with Local Rule 3.01(g) insofar as it fails to contain a certificate that Plaintiff attempted to confer with opposing counsel prior to filing the motion.  Fleming also notes that the motion fails to comply with Local Rule 3.04 as it does not quote in full either the discovery request or Defendant's response to the request.  Defendant is correct that the Motion to Compel fails to comply with the Local Rules.  This Court has repeatedly referred Plaintiff to its Local Rules.  This Order shall serve as a final warning to Plaintiff to ensure that all future filings comply with both the Local Rules and the Federal Rules of Civil Procedure.[1]  Any motion filed by Plaintiff which does not comply will be stricken. Additionally, the Court will consider imposing sanctions for failures of any party to comply with the rules of this Court.

Defendant also responds that it has not refused to produce any documents to Plaintiff.  (Doc. 47).  Instead, Defendant asserts it has conducted a search of records to determine if any such documents exist and has failed to locate any.  Defendant contends "[t]he type of contact Plaintiff alleges is not the type of conduct that will regularly be reduced to written form or generate a report or even a written notation." (Doc. 47, p.2).  However, Defendant states it will search further if Plaintiff can provide specific dates.  Plaintiff claims he does not know the dates he had contact with the Sheriff's office.

---

[1] The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Pursuant to the Middle District's Handbook on Civil Discovery Practice, "[a] party and counsel ordinarily have complied with the duty to respond to a document request if they have: . . . [e]nsured a reasonable inquiry with those persons and a reasonable search of those places likely to result in the discovery of responsive documents." Middle District Discovery (2001) at 11.  Defendant's response is not clear as to whether it has met this standard.  Defendant claims it has searched for responsive records to no avail but that it will search again if Plaintiff provides exact dates.  Defendant does not contend that to search records for the entire month of August would be unduly burdensome.  As such, Defendant is ordered to respond to Plaintiff's discovery request that it has conducted a search of its records for the entire month of August and has not located any responsive documents.  If Defendant needs to conduct such a search before it can provide this response to Plaintiff, it is ordered to do so.  Defendant shall provide this response to Plaintiff no later than **Wednesday, April 26, 2006**.[2]

## II. Defendant's Motion to Compel Rule 26 Disclosures (Doc. 50)

Defendant seeks an Order compelling Plaintiff to provide the initial disclosures required pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  The Case Management Report completed by the parties states they would provide the initial disclosures no later than January 31, 2006.  (Doc. 29).  Defendant provided its

---

[2] On March 20, 2006, Plaintiff filed a Reply to Defendant's Response (Doc. 52). Defendant filed a Motion to Strike (Doc. 63) this Reply because Plaintiff failed to obtain prior Court approval before filing a reply as is required by Local Rule 3.01(b). Defendant is again correct that Plaintiff's Reply is improper as Plaintiff failed to seek prior Court approval. The Court has reviewed Plaintiff's Reply and finds that in addition to being improper, it adds nothing to the Court's analysis. Therefore, the Court will grant Defendant's Motion to Strike (Doc. 63).

disclosures to Plaintiff but according to Defendant, Plaintiff has failed to produce his disclosures.  Defendant also seeks an award of sanctions.

The Court does not believe the imposition of sanctions is warranted in this case but will order Plaintiff to produce his Rule 26(a)(1) initial disclosures no later than **Wednesday, April 26, 2006**.

Accordingly, after due consideration, it is

**ORDERED**:

1.  Plaintiff's Motion for Order Compelling Production and Allowing Inspection of Records (Doc. 46) is **GRANTED in part**.  Defendant shall provide Plaintiff with an amended response to his document request no later than **Wednesday, April 26, 2006**.

2.  Defendant's Motion to Strike Plaintiff's Reply (Doc. 63) is **GRANTED**.  The Clerk is directed to Strike Plaintiff's Reply (Doc. 52).

3.  Defendant's Motion to Compel Rule 26 Disclosures (Doc. 50) is **GRANTED**.  Plaintiff shall provide Defendant with his Rule 26 initial disclosures no later than **Wednesday, April 26, 2006**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of April, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record