**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**


BERNT WALTHER VON GRABE,

                    Plaintiff,

vs.                                              Case No. 3:05-cv-1023-J-32MCR

DONALD F. FLEMING, et al.,

                    Defendants.

_____


## <u>FINAL ORDER</u>[1]

        This case is before the Court for decision on pending motions and for review of the

file.   Although the convoluted procedural history here has created what can only be

described as a moving target, the Court has thoroughly reviewed the file and has given *pro

se* plaintiff every benefit of the doubt.  Having done so, however, the Court now finds that this

case is due to be dismissed in its entirety.

        As it stands now, plaintiff's operative pleading is his first amended complaint (Doc.

17), filed against defendants Gail Wadsworth, Donald Fleming, Jacqueline Danielle von

Grabe, Sarah Enloe, J. Does (1) through (3) and the State of Florida (all of whom were

named in plaintiff's original complaint as well).   Acting on plaintiff's stipulation, the Court

dismissed plaintiff's claims against Gail Wadsworth with prejudice.  <u>See</u> Docs. 55, 56, 66.

The Magistrate Judge, in his April 4, 2006 Report and Recommendation (Doc. 68),

_____

        [1]Under the E-Government Act of 2002, this is a written opinion and therefore is available
electronically.  However, it has been entered only to decide the motion or matter addressed
herein and is not intended for official publication or to serve as precedent.

recommended granting a motion to dismiss with prejudice filed by the State of Florida (Doc. 23).   Plaintiff did not object to that recommendation and in fact submitted a proposed "third"[2] amended complaint which does not name the State of Florida as a party.  See Doc. 81.  The Court has reviewed the State of Florida's motion to dismiss (Doc. 23) and finds it is due to be granted; **plaintiff's claims against the State of Florida are therefore dismissed with prejudice**.  Plaintiff sought entry of a default judgment against defendants Jacqueline Danielle von Grabe and Sarah Enloe (Doc. 26).   The Magistrate Judge recommended that his motion be denied and that the claims against Jacqueline Danielle von Grabe and Sarah Enloe be dismissed as plaintiff had failed to allege sustainable causes of action against either one of them (Doc. 71).   Although plaintiff objected to the recommendation that these defendants be dismissed (see Doc. 78), the proposed third amended complaint he submitted does not name either of them as defendants.  The Court has reviewed the Report and Recommendation (Doc. 71) and plaintiff's objections thereto (Doc. 78) and now adopts the Magistrate Judge's April 7, 2006 Report and Recommendation (Doc. 71); Plaintiff's Motion for Entry of Default (Doc. 26) is denied; and **plaintiff's claims against Jacqueline Danielle von Grabe and Sarah Enloe are hereby dismissed with prejudice**.

---

[2]There is no second amended complaint.

That leaves defendant Donald Fleming, the Sheriff of Flagler County, Florida.[3]  In his amended complaint, plaintiff alleged the Sheriff deprived him of his "equal protection under the laws, his right to due process and his right to his property," Doc. 17, ¶¶ 87, 94, when Flagler County Sheriff's deputies failed to allot plaintiff more than fifteen minutes to collect his belongings from a home plaintiff had shared with his daughter and her roommate until a domestic dispute arose, resulting in a temporary restraining order against plaintiff which prevented him from approaching the home without police supervision.

Sheriff Fleming moved to dismiss the amended complaint arguing that a Fifth Amendment claim was unavailable against the Sheriff as a state actor; plaintiff could not bring a direct Fourteenth Amendment claim; plaintiff failed to allege any basis for official capacity liability under the Fourteenth Amendment; plaintiff had an adequate state remedy, of which he failed to avail himself; and plaintiff failed to allege that any similarly situated persons were treated differently such as would be necessary to prosecute an equal protection claim under the Fourteenth Amendment.  See Doc. 16.

The Magistrate Judge issued a Report and Recommendation which recommended that the Fifth Amendment claim and the direct Fourteenth Amendment claims be dismissed but that plaintiff be permitted to amend his complaint to clarify his remaining claims under

---

[3]Of the three Doe defendants, one is alleged to be an employee and deputy clerk of the Circuit Court (Doc. 17, ¶ 8). The only mention in the amended complaint about the other two Doe defendants is that their identities are "currently unknown[,] each, however, is implicated and involved in the subject matter as pleaded." (Doc. 17, ¶ 9).  None of the Doe defendants are named in plaintiff's proposed third amended complaint and, based on the ill-defined allegations against them in the amended complaint, the Court finds all three Doe defendants are due to be dismissed.

3

the Fourteenth Amendment and the Equal Protection Clause.  Doc. 68.  The Sheriff filed an

objection, arguing that any amendment to the complaint would be futile and that the claims

against him should be dismissed in their entirety.   Plaintiff filed an objection to the

recommended dismissal of his Fifth Amendment claim, contending that such claim is

available here against the Sheriff under an "eminent domain" theory.  Doc. 77.

Before the Court ruled on the objections and motions, plaintiff filed a Notice of Filing

Corrected Third Amended Complaint (Doc. 81).  In his six count third amended complaint,

plaintiff names only defendant Donald Fleming, both as Sheriff of Flagler County and in his

individual capacity.  None of the six counts of the third amended complaint assert a claim

arising under the Fifth Amendment.  While it is unclear whether plaintiff has abandoned that

theory or acceded to the wisdom of the Magistrate Judge, the Court finds plaintiff's objection

(Doc. 77) is due to be overruled as any Fifth Amendment claim against the Sheriff is not

sustainable and is due to be dismissed.  The Court also agrees with the Magistrate Judge's

recommendation that plaintiff not be permitted to prosecute any claims against the Sheriff

directly under the Fourteenth Amendment through an extension of Bivens v. Six Unknown

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), (although it does not

appear that plaintiff intended to pursue that avenue, having failed to object to that

recommendation and having (apparently) failed to assert such a cause of action in his third

amended complaint).  The Magistrate Judge also found that plaintiff's amended complaint

failed to state an Equal Protection Clause claim against Fleming, but recommended giving

plaintiff leave to amend so that he could re-assert such a claim against a more appropriate

party.  In his proposed third amended complaint, in which only defendant Fleming is named,

4

plaintiff seeks in Count IV to have Florida Statute § 741.30(2)(c)(1) declared unconstitutional as being violative of the Equal Protection Clause because it allegedly offers more protections to domestic violence petitioners than to respondents.[4]  Defendant Fleming is not a proper party against whom to seek such relief and plaintiff's equal protection claims are dismissed with prejudice as to defendant Fleming.

What remains of plaintiff's amended complaint, therefore, are his Fourteenth Amendment claims in which he asserts the Sheriff violated 42 U.S.C. § 1983 when, acting under color of law, Sheriff's deputies prevented plaintiff from collecting his belongings from the home he had shared with his daughter and her roommate.  Fleming moved for dismissal on grounds that plaintiff had failed to adequately plead any basis for an official capacity claim against the Sheriff and because he failed to take advantage of an available and adequate state remedy that could have cured any procedural due process violation.  Although the Magistrate Judge agreed there were pleading defects, he recommended giving plaintiff an opportunity to replead.  Plaintiff has now proposed amendments to his Fourteenth Amendment claims, stating that the Sheriff acted pursuant to an official policy (General Order 6090.00[5]).  While plaintiff's proposed amendment could potentially cure the official capacity

---

[4]Fl. Stat. § 741.30(2)(c)(1) states:  "The clerk of court shall assist petitioners in seeking both injunctions for protection against domestic violence and enforcement for a violation thereof as specified in this section."

[5]General Order 6090.00, issued by the Flagler County Sheriff's Office, is styled "Stand-by to Insure the Peace" and sets guidelines for deputies carrying out their responsibilities to insure peace during civil disputes (such as supervising the removal of property pursuant to a court order).  Included among these guidelines are that an on-duty deputy shall spend no more than fifteen minutes at any stand-by to insure the peace call and that in cases requiring more than fifteen minutes of such supervision, an off-duty deputy must be hired to complete

deficiency (assuming for the sake of argument that this policy resulted in a constitutional violation), his claim still fails as appropriate and adequate pre-and post-deprivation state processes were available; therefore, there is no procedural due process violation.  See Carcamo v. Miami-Dade County, 375 F.3d 1104, 1105-06 (11th Cir. 2004); Cotton v. Jackson, 216 F.3d 1328 (11th Cir. 2000).  Thus, the Court finds plaintiff's Fourteenth Amendment due process claims against the Sheriff are due to be dismissed with prejudice.[6]

Having now addressed the claims of plaintiff's amended complaint, the Court turns to the remaining counts of plaintiff's proposed third amended complaint.[7]  In Count I, plaintiff alleges that the Sheriff's enforcement of General Order 6090.00 deprived plaintiff of equal protection (asserting membership in the class of disabled citizens), due process and his property in violation of the Fourteenth Amendment.  For the reasons previously stated in this opinion and in the Magistrate Judge's Report and Recommendation, these claims are without merit as a matter of law.  Counts II (malicious prosecution) and III (intentional

─────────────────────

the task.  See Doc. 88, Ex. 6.

[6]The Court rejects plaintiff's contention that this is a "takings" or "eminent domain" case against the Sheriff.

[7]Plaintiff did not seek leave to file the third amended complaint.  However, the Court has chosen to address it on its merits.  Plaintiff moved for summary judgment on his Third Amended Complaint (Doc. 84), arguing that the matters presented could be determined as a matter of law.  Defendant did not have an opportunity to respond to the motion because the Court entered a stay excusing the parties from responding to pending motions until the Court could rule on those that were already ripe for decision.  Notwithstanding that defendant has yet to respond, the Court finds no prejudice will result from its ruling on the merits of the proposed third amended complaint because plaintiff has moved for summary judgment and the Court agrees that the claims of plaintiff's third amended complaint can be decided as a matter of law.

infliction of emotional distress) are state law tort claims not available as derivative claims under 42 U.S.C. § 1983.  Moreover, upon review of the allegations and attachments of the third amended complaint as well as the evidence relied on by plaintiff in his motion for summary judgment, the Court finds these claims are simply not sustainable under Florida law on the facts of this case.  Counts II and III are due to be dismissed.  Count IV (the equal protection claim seeking to declare Florida Statute § 741.30(2)(c)(1) unconstitutional) is rejected for the reasons stated above.  Count V seeks to declare Florida Statute § 741.31 (which describes the terms of contact between parties in domestic violence cases) unconstitutional.  Defendant Fleming is not a proper party against whom to bring this claim and Count V is therefore dismissed.  Count VI seeks to declare that General Order 60601.00 is unconstitutional because it discriminates against the disabled who cannot collect their belongings within the fifteen minute time period allotted and who cannot afford to pay off-duty officers to supervise the task.  Plaintiff has failed to allege what the charges for an off-duty officer would be, that he pursued the off-duty officer option at any time, or that he sought or was entitled to any full or partial waiver of those fees.[8]  The Court cannot find that General Order 60601.00 is unconstitutional on the facts as pled.  Additionally, plaintiff had adequate remedies in the state court system that issued the injunction to address this claim and the Court finds it is due to be dismissed.  **Plaintiff's claims against Donald F. Fleming, as Sheriff of Flagler County, Florida, and individually, are hereby dismissed with**

---

[8]The Court notes that plaintiff is not proceeding *in forma pauperis* in this action or any of the other cases he now has pending in this Court.  See Vongrabe v. Citigroup, Inc., Case No. 3:06-cv-153-J-25TEM; Vongrabe v. Rice, Case No. 3:06-cv-152-J-33HTS

**prejudice**.

All pending motions not specifically addressed herein (Docs. 31, 34-1, 34-2, 37, 40, 41, 51, 53-1, 53-2, 79, 85, 87, and 89) are either moot because of these rulings or have been considered and are hereby denied.

Accordingly, it is hereby

**ORDERED**:

This case is dismissed and the Clerk is directed to close the file.[9]

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of September, 2006.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

*pro se* plaintiff
counsel of record

---

[9]For purposes of any further review, before closing the file the Clerk should attach plaintiff's proposed third amended complaint with all exhibits to his Notice of Filing Corrected Third Amended Complaint (Doc. 81)